## REDMOND *a*. WHEELER.

*New York Superior Court; In Chambers, September*, 1855.

EXECUTION.—CONSTRUCTION OF SECTION 284 OF THE CODE.

By the true construction of Section 284 of the Code, no execution can be issued after the expiration of five years from the entry of judgment, whether execution has been issued within that period, or not.

Motion to set aside an execution against the person.

The facts on which the motion was based, are fully stated in the opinion.

*G. Buckham*, for the motion.

*F. N. Bangs*, opposed.—Section 284 of the Code, prohibits the *issuing* of an execution after the lapse of five years from the rendition of judgment, but does not prohibit the continuance of an execution which has been issued within such five years. (Pierce *a*. Craine, 4 *How. Pr. R.*, 257). The statute of 1787, (1 *Rev. Laws of* 1813, 89, § 34), authorized the issue of execution only within one year, but under this statute it was held that an execution issued within the year, might be *continued* after the expiration of the year without a *scire facias*, or the order of the court. (1 *Cow*. 36 ; 5 *Ib*. 446 ; 9 *Johns*. 391). Section 284 does not abrogate the general rules of the old practice, relating to the nature and operation of process. Among these rules was this :—that alias writs related back to the issue of the first. It was the object of section 284, to provide a substitute for a *scire facias* in cases where that was required under the former system. But a *scire facias* never was necessary, where a *fieri facias* had been issued within the time limited by statute.

If the execution was irregular, the affidavits entitled the

plaintiff to an order *nunc pro tunc*,* allowing it to issue, unless the defendant show cause why it should not issue.

Hoffman, J.—The plaintiff obtained judgment against the defendant, in this court, on May 30, 1846, and issued execution thereon, against the property of the defendant in July, which was returned unsatisfied in December of that year, and filed with the clerk.

On August 30, 1855, an execution against the person was issued, under which the defendant has been arrested, and is now in custody. This was issued without any previous order of the court; and the motion to discharge the party, and set the process aside, is founded on this omission.

The Code provides (section 284), that "after the lapse of five years from the entry of a judgment, an execution can be issued only by leave of the court upon motion, with personal notice to the adverse party, unless he be absent or non-resident, or cannot be found to make such service; in which case such service may be made by publication, or in such other manner as the court shall direct." Proof is also to be made of the debt remaining due.

By section 283, the party may proceed to enforce a judgment at any time within five years after its entry, in the manner prescribed by the Code.

Two cases have been cited upon the question; that of Pierce *v.* Craine, (4 *How. Pr. R.*, 257), and that of Currie *v.* Noyes, (1 *C. R., N. S.*, 298). In the former, Mr. Justice Sill, in an elaborate opinion, establishes the following propositions: That under the statute of 1787, (1 *Rev. Stats.*, 89, § 34), which was a re-enactment of the statute of Edward I., *ch.* 6, a second execution might be issued after the expiration of a year from the judgment without a *scire facias*, or order of the court, a continuance being entered on the Roll. That eventually this form was held needless, and an *alias* or *pluries* issued without it. That a similar rule prevailed under the Revised Statutes, (2 *Rev. Stats.*, 363, § 1), and that the Code had not altered the

* But see remarks of Hoffman, J., in Jennings *a.* Jennings, *Ante.*

rule contained in these decisions. Accordingly, a second execution against property, issued without leave of the court, in 1849, after an execution returned in 1840, was held regular.

It may be observed that in the cases of the Catskill Bank *v.* Sandford, (4 *How. Pr. R.*, 100, and *Ib.* 101), referred to by the reporter, the point was not and could not have been raised.

In Currie *v.* Noyes, (1 *C. R., N. S.*, 298), judgment was entered in 1846, and execution issued in April of that year. In August, 1851, an order for the defendant's examination upon supplementary proceedings was obtained; which was discharged.

Justice Mitchell decided the case at special term, and his order was affirmed on appeal. The case is placed entirely upon the ground that a new execution could not have been issued after five years, without leave of the court, and that an order which is merely accessory to an execution, could not be had, when the execution itself could not have been issued. The rule in chancery refusing to sustain a creditor's bill, where a number of years had elapsed after one execution returned, was relied upon.

In most of the cases cited upon this point, the subsequent writ was an *alias* or *pluries fieri facias*—of course of the same nature; and a distinction occurred to me, whether the rule would apply to a *capias ad satisfaciendum*, a writ so different in its nature. But the case of Noyes *v.* Hardress, (*Strange*, 100), shows that a *ca. sa.* may be taken out after a return of a *fi. fa.*, after the time had elapsed, as well as an *alias fi. fa.*

The question then results, whether the Code has not superseded the exception to the rule, and made the order of the court requisite in all cases, whether of a previous execution returned, or of none issued. It may be noticed that in the case from Strange, the court disapproved of the practice, but held it too fully settled to be overturned. In Blayer *v.* Baldwin, also (2 *Wils.*, 82), the mere fact that a *fi. fa.* had not been returned, was held sufficient ground to set aside a *ca. sa.*, issued after the expiration of a year from the judgment.

After carefully considering the section of the Code in question, and its exposition in the cases referred to, I am of opinion that by its true construction and intent, no execution should be issued, whether there has been a previous writ returned or not, after the expiration of five years from the entry of the judgment.

The defendant must be discharged.*

---

* This decision was approved by Chief Justice Oakley, and Justices Duer and Bosworth.